HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL BROMM,<br><br>Plaintiff,<br><br>vs.<br><br>LEWIS COUNTY; SEAN SWOPE, in his individual capacity; WARREN MCLEOD, in his individual capacity; JONATHAN MEYER, in his individual capacity; ROBERT SNAZA, in his individual capacity; CITY OF CENTRALIA; ANDY CALDWELL, in his individual capacity; JOHN AND JANE DOEs 1-10; AND GOVERNMENT ENTITY/CORPORATE DOEs 1-10,<br><br>Defendants. | No. 3:26-CV-05384-BHS<br><br>DECLARATION OF JONATHAN MEYER |

I, Jonathan Meyer, hereby declare under penalty of perjury under the law of the State of Washington that the following is true and correct.

1. I am over the age of 18 and competent to testify.



Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

2. I am the Lewis County Prosecutor. I was elected to the position in 2010 and took office in 2011. Prior to that, I was in private practice with the same firm since 1996 (as an intern beginning in 1996 and as an attorney after being admitted to the bar in 1998). My practice included a substantial amount of criminal defense, and I had substantial experience and knowledge regarding prosecutors' obligations under *Brady v. Maryland*.

3. As the elected Prosecutor, I strive to preserve the integrity of the criminal justice system by, among other things, protecting a charged defendant's due process rights to a fair trial. That is one of my primary duties as the Prosecuting Attorney. Potential Impeachment Disclosure ("PID") letters are a large part of that; prosecutors have an absolute and affirmative duty to disclose to a charged defendant all known potential exculpatory and potential impeachment information about prosecution witnesses.

4. While some may think a PID letter/*Brady* disclosure is limited to dishonesty, that is not the case. If there's a possibility that a defense lawyer could find information about an individual's conduct useful, the individual is issued a PID letter. That individual is then labeled in our records management system. For example, if an individual's conduct shows potential bias, slant, sloppy work, or something else that might be favorable to the defense, we're required to disclose it. I always err on the side of caution in issuing PID letters, as I would much rather a



Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

court say, "you didn't have to" instead of "why didn't you?" And this position is supported by Washington case law, which describes the prosecutor's duty expansively. *See e.g., Ames v. Pierce County*, 194 Wn. App. 93, 117-18 (2016) ("It is well settled that where a prosecutor is unsure whether evidence amounts to potential impeachment evidence or is exculpatory, the prosecutor should err on the side of disclosure."). The *Ames* case is cited in our PID policy.

5. This office tracks, maintains, and updates the information to include any County employee, among others, who has been issued a PID letter by this office or another organization. The issuance of a PID letter occurs regardless of whether there's an open case in which the individual is involved. Profiles in our case management system are created to identify individuals with PID letters. Our case management system then alerts us every time an individual with a PID letter comes up in a case. When we receive the alert, we proactively and automatically send out the applicable PID letter to the defense attorneys on the case; they then determine how to use the information.

6. Several years ago, RCW 10.93.180 required each county prosecutor to develop and adopt a written protocol addressing potential impeachment disclosures no later than July 1, 2022. At the time, I was the president of the Washington Association of Prosecuting Attorneys and I directed the Best Practices Committee to create a model PID policy. Lewis County adopted, for the most part, the model



Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

policy. A true and correct copy of Lewis County Prosecuting Attorney Policy for Potential Impeachment Disclosure is attached hereto as **Exhibit A**.

7. Pursuant to the RCW, the policy was required to include circumstances under which a PID letter could be withdrawn. It was – and is – my position that there's no way to withdraw a PID letter unless new facts come to light that demonstrate the original PID letter wasn't justified. The Best Practices Committee submitted a request for an advisory opinion on that question to the Attorney General's office. Attorney General Nick Brown answered the question consistent with my position: there's no way to withdraw it without new, contrary information. A true and correct copy of the Attorney General's April 18, 2025 opinion letter is attached hereto as **Exhibit B**.

8. Historically, PID letters had a lot more stigma associated with them than they do today. Today, they are not the end of a career as many people, particularly law enforcement, have them.

9. I have issued dozens of PID letters in my role as Lewis County Prosecutor. As I said, I err on the side of caution. I've been referred to as, "Jonathan 'Brady' Meyer" by some in law enforcement as a result.

10. For example, I issued a PID letter to a detective because it came to my attention that, at one point, the detective was affiliated with the Proud Boys. I did not believe the detective was dishonest, but I believed that there was a possibility



Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

that a defense lawyer could find that information useful to, for example, show bias, and I therefore issued a PID. This is true even though that detective showed proof her "involvement" was tangential and, most likely, as a result of relationship dynamics.

11. I've also issued PID letters to employees outside of the Sheriff's Office, including to Health Department employees, the Coroner's Office, other law enforcement agencies, and locations (crime lab). And I issued a PID letter to an expert pathologist not employed by the County.

12. Following Charlie Kirk's murder, I was alerted by a citizen about some of Paul Bromm's Facebook posts on the topic. I did not recognize the name Paul Bromm but was told that he was a Coroner's Office employee. I reviewed all of Mr. Bromm's social media posts that I could find on the topic. In doing so, I followed my standard practice of asking the question: if you were a defense lawyer putting on a case in which Mr. Bromm was involved, would you want to know about his social media posts? The answer was obvious: of course. His posts showed potential bias toward a group of individuals and a celebration and mocking of the assassination, which criminal defense lawyers would want to know about in any case where he may be a witness..

13. I then reviewed Mr. Bromm's posts regarding Charlie Kirk's murder with the other members of the County's PID committee, who agreed a PID letter



Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

needed to be issued. I then drafted a PID letter relating to Mr. Bromm and sent it to the Coroner, Warren McLeod, because Mr. Bromm was a Coroner's Office employee.

14. Mr. McLeod contacted me informing me that my PID letter regarding Mr. Bromm included an incorrect job title. I had gotten Mr. Bromm's job title off of the staff directory on the County's intranet. After learning that I had used an incorrect title, I issued an amended PID letter, which contained the same substance with the corrected job title for Mr. Bromm.

15. My decision to issue a PID letter to Mr. Bromm was based on his Facebook postings regarding Charlie Kirk. Although I consulted with members of the PID committee, I did not seek input from the Coroner, Sheriff, or anyone else. Nor did I talk with Mr. Bromm. To my knowledge, I have never had a conversation with Mr. Bromm. That's not something I do because the analysis is whether or not a defense attorney may find the information useful. And, as the elected Prosecuting Attorney, I am the only person with the duty and authority to make the ultimate decision on whether a PID letter gets issued. Mr. Bromm's allegation that these decisions are "administrative acts" is absurd; this is a key function of elected prosecutors critical to the fair administration of justice which nobody else can perform.



Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

16. My decision to issue a PID letter to Mr. Bromm had nothing to do with which side of the aisle politically his posts were coming from. If he made the same posts about a figure on the left, I would have taken the same action. It would be something a defense attorney might want to know, whether it's vile speech directed at the political left or right. As I explained above, I issued a PID letter to a detective for the detective's affiliation with the Proud Boys – a far right-wing group.

17. Mr. Bromm's Complaint states, "Plaintiff was not a law enforcement officer and had never testified as a witness in any criminal proceeding" and "wasn't a witness in any case." That appears to be correct. However, these things are irrelevant to my obligation under the County's PID policy and procedure, as well as the law and what I believe is right. Our office deals with thousands of cases and it's not possible for us to remember years down the road that someone has a PID issue. When these issues come up, they are promptly and timely dealt with and the duty and decision on whether to issue a PID letter has nothing to do with whether there are pending matters involving the potential witness. And the notion that Mr. Bromm – whose job involved handling dead bodies at crime scenes – would never be a witness in a case is absurd. His role involved an essential part of the chain of custody of a deceased person.



Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

18. What happened to Mr. Bromm after I issued a PID letter for his posts was outside of my control. I had nothing to do with Mr. Bromm's termination and I had no interest in the Coroner's decisions in that regard. Mr. Bromm was an employee of the elected Coroner and any decision about what to do with his employee was his alone.

DATED this 1 day of July, 2026 in Chehalis, WA.

By: ______________________________
JONATHAN MEYER



Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021